```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF GEORGIA
                        ATLANTA DIVISION
```

THOMAS HARRIS a/k/a TOMMY
SOTOMAYOR,

      Plaintiff,

                            CIVIL ACTION NO.

v.                             1:14-cv-01106-JEC

RICHARD LIONEL THOMPSON,

      Defendant.

## ORDER & OPINION

This matter is before the Court on plaintiff Thomas Harris' motion for a temporary restraining order and preliminary injunction [4]. The Court has reviewed the arguments of plaintiff, and for the reasons set out below, **DENIES without prejudice** plaintiff's motion for a temporary restraining order and preliminary injunction.

## BACKGROUND

Thomas Harris ("plaintiff") is a Georgia citizen residing in Atlanta. Plaintiff places videos of himself on the internet, in which he provides social commentary under the name "Tommy Sotomayor." (Pl.'s Mot. [4-1] at 2.) He also sells clothing featuring that name. (*Id.*) Richard Lionel Thompson ("defendant") is a resident of Myrtle Beach, South Carolina. (Compl. [1] at ¶ 9; Answer [7] at ¶ 9.) He maintains a website where he provides social commentary, and also

posts videos on the site www.youtube.com.  (Thompson Decl. [9-1] at ¶ 4.)

Defendant began posting plaintiff's videos on defendant's website on or around February 5, 2014.  (Compl. [1] at ¶ 10.)  On or around February 28, 2014, defendant began offering on that website shirts containing the name "Tommy Sotomayor" and, in one case, a photograph of plaintiff.  (*Id.* at ¶ 11; Thompson Decl. [9-1] at Sub-Ex. B6.)  Plaintiff had not given defendant permission to post his videos or sell shirts with his name or likeness.  (Compl. [1] at ¶ 17.)  Plaintiff believes he holds a common-law trademark in the name "Tommy Sotomayor."  (*Id.* at ¶ 59.)  Plaintiff also complains that defendant harassed him "by releasing the [p]laintiff's name to the public, creating a public video giving instructions on how to find the [p]laintiff's criminal record, making [p]laintiff's mug shots readily accessible online, and placing threatening phone calls to the [p]laintiff's girlfriend."  (*Id.* at ¶ 69.)

On April 15, 2014, plaintiff filed suit in this Court, alleging various causes of action under federal and Georgia state law: invasion of privacy (Counts I and II); deceptive trade practices (Count III); false advertising and unfair competition (Count IV); fraud and unfair competition (Count V); trademark dilution (Count VI); unjust enrichment (Count VII); and emotional distress and cyberstalking (Count VIII).  (*See* Compl. [1] at ¶¶ 22-71.)  On May 8,

2014, defendant filed an Answer to the Complaint. (Answer [7].) Although denying liability, defendant admits that he posted publicly available information about plaintiff on his website, placed videos created by plaintiff on his website without plaintiff's permission, and also advertised shirts with plaintiff's name and image without permission. (*Id.* at ¶¶ 10-13; *see also* Thompson Decl. [9-1] at Exs.)

Upon receipt of plaintiff's Complaint, this Court instructed plaintiff to file a motion for immediate injunctive relief if plaintiff sought such relief. (Order [3] at 1.) Under Local Rule 65.1, NDGa, a motion must be filed with the court whenever immediate judicial action is requested. Such motion must be accompanied by a memorandum of law that cites supporting authority and, if allegations of fact are relied on, supporting affidavits. LR 7.1(A)(1). The Court instructed plaintiff to address the four-part test for injunctive relief used in the Eleventh Circuit. (Order [3] at 1-2.) The Court also instructed plaintiff to "explain, with specificity, why the facts of the present case justify immediate injunctive relief." (*Id.* at 2.)

On April 17, 2014, plaintiff filed a motion for a temporary restraining order and preliminary injunction, seeking to stop the alleged trademark infringement and stalking. (Pl.'s Mot. [4].) On May 13, 2014, defendant filed a response to plaintiff's motion. (Def.'s Resp. [9].) On May 27, 2014, plaintiff filed a reply.

3

(Def.'s Reply [11].)[1]

## **DISCUSSION**

Upon motion, district courts may issue preliminary injunctions and temporary restraining orders. FED. R. CIV. P. 65(a) and (b). "Every motion presented to the clerk for filing shall be accompanied by a memorandum of law which cites supporting authority. If allegations of fact are relied upon, supporting affidavits must be attached to the memorandum of law." LR 7.1(A)(1). Further, motions must "state with particularity the grounds for seeking the order." FED. R. CIV. P. 7(b)(1)(B). In the Eleventh Circuit, a plaintiff seeking a temporary restraining order or preliminary injunction must show: "(1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury; (3) that the threatened injury to the plaintiff outweighs the injury to the nonmovant; and (4) that the injunction would not disserve the public interest." *Statewide Detective Agency v. Miller*, 115 F.3d 904, 905 (11th Cir. 1997).

The Court notes as a preliminary matter that a temporary

---

[1] Plaintiff's reply brief departs wholly from the standards for reply briefs, and is by all appearances a draft of an amended complaint. It contains numbered paragraphs, outlines a complaint, and even refers to itself as a complaint. Because it is a reply brief in name only, this Court does not consider it in this Order. Further, plaintiff submitted an unapproved amended complaint on June 4, 2014, further complicating the pleadings.

4

restraining order is only available when the opposing party has not been given notice and the moving party has shown that irreparable harm will result unless the restraining order is entered immediately, without giving the opposing party an opportunity to respond.  Because defendant has been served with the complaint and the motion, the temporary restraining order is inappropriate, and the Court will only consider the preliminary injunction plaintiff seeks.

The Court further notes that, although plaintiff has filed the motion as instructed by the Court, plaintiff has not met the requirements for this Court to grant it.  (*See* Mem. [4-1].)  First, plaintiff has failed to provide any affidavits as required by Local Rule 7.1(A)(1).  Further, the facts alleged in plaintiff's memorandum of law are vague and generally insufficient to support the requested relief, falling short of the Rule 7 requirements and the previous instructions of this Court.  The Court now turns to those pleading deficiencies.

I.   **PLAINTIFF'S TRADEMARK CLAIM**

To establish a substantial likelihood of success on the merits of his trademark claim, plaintiff would first have to show that he holds a trademark in the name "Tommy Sotomayor."  "To be entitled to trademark protection, a mark must be valid and distinctive." *Atlanta Allergy and Asthma Clinic, P.A. v. Allergy & Asthma of Atlanta, LLC*, 685 F. Supp. 2d 1360, 1367 (N.D. Ga. 2010)(Duffey, J.)(citing *Freedom*

*Sav. & Loan Ass'n v. Way*, 757 F.2d 1176 (11th Cir. 1985)). This Circuit classifies marks into four levels of distinctiveness, ranging from least to most distinctive:

> (1) *generic*-marks that suggest the basic nature of the product or service; (2) *descriptive*-marks that identify the characteristic or quality of a product or service; (3) *suggestive*-marks that suggest characteristics of the product or service and require an effort of the imagination by the consumer in order to be understood as descriptive; and (4) *arbitrary or fanciful*-marks that bear no relationship to the product or service, and the strongest category of trademarks.[2]

*Gift of Learning Found., Inc. v. TGC, Inc.*, 329 F.3d 792, 797-98 (11th Cir. 2003)(emphasis added). Generic marks are generally barred from trademark protection. *Welding Servs., Inc. v. Forman*, 509 F.3d 1351, 1358 (11th Cir. 2007). Suggestive and arbitrary or fanciful marks are considered "inherently distinctive," and thus qualified for trademark protection, because "their intrinsic nature serves to identify a particular source of a product." *Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 768 (1992). Falling in the middle of the spectrum are descriptive marks. Descriptive marks only acquire the distinctiveness requisite to trademark protection when they have acquired "secondary meaning." *Coach House Rest., Inc. v. Coach & Six*

---

[2] The Eleventh Circuit has illustrated these categories using some possible names for a hypothetical milk-delivery business: "Milk Delivery" (generic), "BarnMilk" (descriptive), "Barn-Barn" (suggestive), and "barnbarnfish" (arbitrary or fanciful). *Investacorp, Inc. v. Arabian Inv. Banking Corp. (Investcorp) E.C.*, 931 F.2d 1519, 1522-23 (11th Cir. 1991).

6

*Rests., Inc.*, 934 F.2d 1551, 1560 (11th Cir. 1991). The criterion of secondary meaning is that "the primary significance of the term in the minds of the consuming public is not the product but the producer." *Welding Servs, Inc.*, 509 F.3d at 1358 (internal quotation and citation omitted).

The name "Tommy Sotomayor" would be a descriptive mark. "Names–both surnames and first names–are regarded as descriptive terms and therefore one who claims federal trademark rights in a name must prove that the name has acquired a secondary meaning." *Tana v. Dantanna's*, 611 F.3d 767, 776 (11th Cir. 2010)(quoting *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 125 (4th Cir. 1990). Establishing secondary meaning of a descriptive mark requires "a high degree of proof." *Investacorp, Inc. v. Arabian Inv. Banking Corp. (Investcorp) E.C.*, 931 F.2d 1519, 1525 (11th Cir. 1991). In addressing the question of secondary meaning, courts in this Circuit will look at "the length and nature of the name's use, the nature and extent of advertising and promotion of the name, the efforts of the proprietor to promote a conscious connection between the name and the business, and the degree of actual recognition by the public that the name designates the proprietor's product or service." *Welding Servs., Inc.*, 509 F.3d at 1358 (citing *Conagra, Inc. v. Singleton*, 743 F.2d 1508, 1513 (11th Cir. 1984)); *see also* Restatement (Third) of Unfair Competition § 13, Comment e (1995)("Secondary meaning

7

exists only if a significant number of prospective purchasers understand the term, when used in connection with a particular kind of good, service, or business, not merely in its lexicographic sense, but also as an indication of association with a particular, even if anonymous, entity.")

Plaintiff does not provide the facts to support his contention that he holds a trademark in the name "Tommy Sotomayor" or anything else. Instead, plaintiff simply asserts that he "has been using the distinctive Tommy Sotomayor trademark on commercialized products for over the last five years." (Mem. [4-1] at 2-3.) No examples are provided. Plaintiff provides nothing that would support the conclusion that anyone actually purchased these "commercialized products." When plaintiff discusses the test for trademark infringement in this Circuit, plaintiff provides nothing but conclusory statements about his trademark and defendant's allegedly infringing marks. (*Id.* at 9-10.) Plaintiff baldly states, without supporting facts, that "[d]efendant's mark . . . does not differ from [p]laintiff's mark . . . ." (*Id.* at 9.) There is no description of the marks to support this contention. At one point, plaintiff does nothing but recite a legal standard (for determining the strength of a mark), without even attempting to apply it to the facts of the case. (*Id.* at 8-9.)

The vagueness of plaintiff's motion gives this Court no basis

8

upon which to determine that any injunctive relief is warranted, as it is unclear that plaintiff even has a valid trademark, much less that any trademark has been infringed.  From what plaintiff has thus far provided, there is no reason to believe that he is likely to ultimately prevail on the merits.  The Court therefore denies plaintiff's motion with regard to his trademark claims.

## II. <u>PLAINTIFF'S STALKING CLAIM</u>

Plaintiff also seeks an order from this Court enjoining defendant "from having further contact with [p]laintiff." (Mem. [4-1] at 2; *see also* Proposed Order [4-2] at 2.)  Plaintiff complains that defendant's online comments about plaintiff and alleged phone calls to plaintiff's girlfriend amount to stalking. (Mem. [4-1] at 3.)  The proposed statutory basis for this injunction is O.C.G.A. § 16-5-94. (*Id.* at 1.)  This is part of Georgia's criminal stalking statute.  O.C.G.A. §§ 16-5-90 to 96.  It permits a person "who alleges stalking by another person [to] seek a restraining order by filing a petition alleging conduct constituting stalking as defined in Code Section 16-5-90."  O.C.G.A. § 16-5-94(a).  The referenced code section provides the elements of criminal stalking and its penalties.

Federal courts are courts of limited jurisdiction, requiring a constitutional or statutory basis for their exercise of jurisdiction over a cause of action.  *Kokkonen v. Guardian Life Ins. Co. of Am.*,

9

511 U.S. 375, 377 (1994). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (citations removed). There is no constitutional or statutory grant of jurisdiction over state crimes. The status of O.C.G.A. § 16-5-94 is somewhat ambiguous. Although it provides a mechanism for a private party to pursue a restraining order, it is part of a criminal stalking statute, itself within Title 16–titled "Crimes"–of the Georgia Code. This calls into question this Court's jurisdiction over plaintiff's claim. The section further provides its own jurisdictional rules. *See* O.C.G.A. § 16-5-94(b). Those rules specifically vest jurisdiction in the Georgia superior courts. O.C.G.A. § 19-13-2. Finally, this Court can find no precedent of any federal court exercising jurisdiction over a cause of action brought under O.C.G.A. § 16-5-94(b).

This Court is thus inclined to the view that it is not empowered to exercise jurisdiction over plaintiff's O.C.G.A. § 16-5-94 claim. For that reason–along with the general insufficiency of plaintiff's pleading–this Court denies plaintiff's motion with respect to the stalking claim. If plaintiff elects to file a new motion or pursue this claim further, the Court instructs him to address this jurisdictional issue.

**CONCLUSION**

The Court must **DENY without prejudice** plaintiff's motion for a temporary restraining order and preliminary injunction [4].  If plaintiff wishes to again apply for a preliminary injunction, his attorney must submit pleadings that adequately address the requirements for issuance of such an order.

SO ORDERED, this 18th day of June, 2014.


                                   /s/ Julie E. Carnes
                                   JULIE E. CARNES
                                   CHIEF UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)